IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA CIORCIARI ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| ) | |
| vs. ) | |
| ) | |
| CREDITORS FINANCIAL ) | |
| GROUP, LLC ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**
**UNLAWFUL DEBT COLLECTION PRACTICES**

**I. INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq*. (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*. (hereafter the "UTPCPL"), and the Electronic Fund Transfers Act, 15 U.S.C. § 1693, *et seq*. (hereafter the "EFTA"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III.  PARTIES

4. Plaintiff Christina Ciorciari is an adult individual residing at 613 Warwick Road, Fairless Hills, PA 19030.

5. Defendant Creditors Financial Group, LLC is a business entity regularly engaged in the business of collecting debts with a principal place for accepting service located at 3131 South Vaughn Way, Suite 110, Aurora, CO 80014.  The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

### IV.  FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired by Chase to collect a debt relating to consumer credit card purchases allegedly originally owed to Chase (hereafter the "debt").

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8. In October 2008, Plaintiff contacted Defendant to discuss a payment plan but was rebuked by Defendant.

9. Notwithstanding the above, in January 2009, Plaintiff again contacted Defendant to discuss a payment plan.  This time, Plaintiff and Defendant agreed on payments of $150.00 on the fifteenth day of every month.

11. Per the agreement, Plaintiff made a payment of $150.00 on the following dates: February 15, 2009; March 15, 2009; and April; 15, 2009.

12. On or about April 21, 2009, a representative, employee and/or agent from Defendant identifying herself as "Chris Barnes" contacted Plaintiff in an attempt to coerce payment of the debt. As a result of the conversation, Plaintiff agreed to increase her monthly payment to $200.00 per month. The date of the next payment would be May 15, 2009.

13. Notwithstanding the above, on or about April 24, 3009, Defendant made a withdraw of $200.00 from Plaintiff's bank account (hereafter the "Unauthorized Withdraw").

14. At no time did Defendant provide notice of its intention to make the Unauthorized Withdraw nor did Defendant receive written authorization for the same.

15. As a result of the above, on or about April 25, 2009, Plaintiff contacted Defendant. During a message left by Plaintiff on Defendant's voicemail, Plaintiff complained of the Unauthorized Withdraw.

16. As a result of the above, on or about April 26, 2009, Plaintiff contacted Defendant. During a message on Defendant's voicemail, Plaintiff complained of the Unauthorized Withdraw and demanded her call be returned.

17. As a result of the above, on or about April 27, 2009, Plaintiff contacted Defendant. During the conversation, Plaintiff spoke with Ms. Barnes, who apologized for the Unauthorized Withdraw, stating she had entered the wrong data which resulted in the Unauthorized Withdraw. Additionally, Ms. Barnes indicated she would discuss reimbursing Plaintiff for any expenses incurred by plaintiff as a result of the Unauthorized Withdraw.

18. As a result of the above, on or about April 29, 2009, Plaintiff contacted Defendant. During the conversation, Plaintiff spoke with a representative, employee and/or agent from Defendant identifying himself as "Ross Hoy." When Plaintiff attempted to discuss her complaint, Mr. Hoy falsely represented that he had made an agreement with Plaintiff,

3

wherein she had given him authority to make the April 24, 2009 withdraw. When Plaintiff disagreed, Mr. Hoy, while cursing at Plaintiff, stated Defendant would accept no more payments from Plaintiff and threatened that Defendant would sue Plaintiff in court for the balance of the debt.

19. The Defendant acted in a false, deceptive, misleading and unfair manner when it made the Unauthorized Withdraw.

20. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

21. The Defendant acted in a false, deceptive, misleading and unfair manner by using abusive, obscene, and derogatory language towards Plaintiff.

22. Defendant knew or should have known that its actions violated the FDCPA, FCEUA, UTPCPL and the EFTA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, FCEUA, UTPCPL and the EFTA, but neglected to do so and failed to adequately review its actions to insure compliance with said laws.

23. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

24. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

25. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, injury to Plaintiff's reputation, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss, and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## V.  FIRST CLAIM FOR RELIEF-VIOLATION OF THE FDCPA

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

29. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

30. Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d, 1692d(2), 1692e, 1692e(5), 1692e(10) and 1692f, as evidenced by the following conduct:

   (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   (b) The use of obscene and profane language, the natural consequence of which being to abuse the hearer;

   (c) Threatening to take action that cannot be legally taken and/or is not intended to be taken; and

  (d) Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt.

31.  Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for plaintiff's rights under the law and with the purpose of coercing plaintiff to pay the alleged debt.

32.  As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

  (a) That an order be entered declaring that the Defendant actions as described above are in violation of the FDCPA;

  (b) That an order be entered enjoining Defendant from continuing to communicate with plaintiff in violation of the FDCPA;

  (c) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

  (d) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  (e) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

  (f) That the Court grant such other and further relief as may be just and proper.

## VI. SECOND CLAIM FOR RELIEF-VIOLATION OF THE FCEUA AND UTPCPL

33.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34.  Defendant is a "debt collector" as defined by 73 P.S. § 2271.3 of the FCEUA.

35. Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

36. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

37. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the alleged debt in violation of the FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

   (a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

   (b) The use of obscene and profane language, the natural consequence of which being to abuse the hearer;

   (c) Threatening to take action that cannot be legally taken and/or is not intended to be taken; and

   (d) Otherwise using false, deceptive or misleading and unfair or unconscionable means to collect or attempt to collect a debt.

38. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing plaintiff to pay the alleged debt.

39. As a result of the above violations of the FCEUA and UTPCPL, plaintiff has suffered ascertainable losses entitling Plaintiff to an award of actual, statutory and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against the Defendant for actual damages pursuant to 73 P.S. § 201-9.2(a);

(b) That judgment be entered against the Defendant for statutory damages pursuant to 73 P.S. § 201-9.2(a);

(c) That judgment be entered against the Defendant for treble damages pursuant to 73 P.S. § 201-9.2(a);

(d) That the court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

(g) That the Court grant such other and further relief as may be just and proper.

## VII.    THIRD CLAIM FOR RELIEF-VIOLATION OF THE EFTA

40.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(5) of the EFTA.

42.  The Unauthorized Withdrawals by Defendant were "preauthorized transfers" as defined by 15 U.S.C. § 1693a(9) of the EFTA.

43.  Defendant violated the EFTA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1693e, as evidenced by failing to obtain written authorization from Plaintiff and provide written notice to the Plaintiff prior to making the Unauthorized Withdrawal.

44.  Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the debt.

45.  As a result of the above violations of the EFTA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. §1693m(a)(1);

(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. §1693m(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1693m(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper

## VIII.   JURY TRIAL DEMAND

46. Plaintiff demands trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED,**

**FRANCIS & MAILMAN, P.C.**

BY: */s/ Mark D. Mailman*
MARK D. MAILMAN, ESQUIRE
MICHAEL J. SZYMBORSKI, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

Dated: May 22, 2009

9